Elizabeth Wohrle, Petitioner *v.* Commonwealth of
Pennsylvania, Department of Public
Welfare, Respondent.

Argued April 2, 1979, before Judges WILKINSON,
JR., BLATT and DISALLE, sitting as a panel of three.

*David Hill,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for
appellee.

OPINION BY JUDGE WILKINSON, JR., May 1, 1979:

Petitioner has appealed an adjudication and order of the Department of Public Welfare which determined she was ineligible for food stamps. The denial of eligibility was based upon her ownership of an undivided one-half interest in non-resident real estate valued in excess of $1,500 the maximum allowable resource for determining eligibility under the Food Stamp Program.[1] We affirm.

Petitioner owns jointly with her former husband a residential property in the city of Philadelphia valued at $33,000 with encumbrances of $8,600. Pursuant to a property settlement agreement incident to their divorce, the property was to remain vacant while it was listed for sale with a real estate broker. Petitioner contends the value of this property should have been excluded as a "nonaccessible" resource exempted under federal regulations.

Federal regulations governing eligibility for food stamps are found in 7 C.F.R. §271.3(c)(4). These regulations provide that eligibility to participate in the Food Stamp Program may be denied or terminated if the value of financial resources of the household including both liquid and nonliquid assets exceeds $1,500. 7 C.F.R. §271.3(c)(4)(i). The regulations further provide that some assets, including the household's residence, car and personal effects are not counted as re-

---

[1] See The Food Stamp Act of 1964, 7 U.S.C. §2011 et seq., as amended. The program was revised and new regulations issued pursuant thereto by the Food Stamp Act of 1977; however, the 1977 act specifically provided that pending proceedings under the 1964 act were to be disposed of pursuant to the provision of that act. See the Food Stamp Act of 1977, Pub. L. No. 95-113, §1303(b), 91 Stat. 958. For this reason, petitioner's argument that the regulations issued pursuant to the Food Stamp Act of 1977 are relevant to the proceedings here will not be considered except to note that the 1977 act itself disposes of this argument.

sources with the strict construction of these exclusions indicated by the following language: "This list is inclusive and no other exclusions from resources shall be allowed." 7 C.F.R. §271.3(c)(4)(iii). The fourth exclusion, upon which petitioner relies here, reads as follows: "(d) Resources whose cash value is not accessible to the household, such as but not limited to, irrevocable trust funds and property held in probate." 7 C.F.R. §271.3(c)(4)(iii)(d). Since the property cannot be sold, or reduced to a cash value, without agreement of her husband petitioner argues that the property is similar to irrovocable trust funds or property held in probate with regard to its inaccessibility and therefore should have been excluded pursuant to the federal regulation. While we agree with petitioner that her interest in the property shares some of the incidents of those items enumerated in the federal regulation, we cannot agree that the regulation *a fortiori* controls the outcome of this case. We note initially that the regulations specifically provides for a strict construction of the enumerated exclusions, and that property held subject to a property settlement incident to a divorce is not included in any of the enumerated exclusions. Further, we agree with respondent that the items listed as inaccessible resources in 7 C.F.R. §271.3 (c)(4)(iii)(d) all require court action to make the property accessible to the household. Such is not the case of the property interest the petitioner holds here.

Accordingly, we will enter the following

ORDER

AND Now, May 1, 1979, the Final Administrative Action and order of the Department of Public Welfare, dated October 16, 1978, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE BLATT:

I respectfully dissent.

The petitioner's access to the property in issue is precluded pursuant to a legally enforceable property settlement, and she cannot realize its value until it is sold. I believe, therefore, that the property is not presently accessible under 7 C.F.R. §271.3(c)(4)(iii)(d). I cannot agree that because the examples listed in the regulations require court action to make them accessible, we should so limit all claims under this section. Were such a limitation intended, it easily could have been articulated.

I would reverse the Department of Public Welfare and remand for computation of benefits.